**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 11-cv-01569-REB

JOSE G. RABANAL,

Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

Defendant.

---

## ORDER REVERSING AND DIRECTING COMMISSIONER TO CALCULATE BENEFITS WITHOUT APPLYING THE WINDFALL ELIMINATION PROVISION

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1][2] filed June 15, 2011, seeking review of the Commissioner's decision determining the monthly amount of retirement insurance benefits to which plaintiff is entitled under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse the decision and direct the Commissioner to calculate plaintiff's benefits without applying the Windfall Elimination Provision.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, originally a citizen of Spain, emigrated to the United States in 1968 and became a naturalized citizen in 1984. He retired in 1997 and began receiving retirement insurance benefits at that time. In 2001, plaintiff applied for and was granted pension benefits from Spain. After the Commissioner received notice of these benefits, he recomputed and reduced plaintiff's retirement income benefits pursuant to the Windfall Elimination Provision ("WEP"), 42 U.S.C. § 415(a)(7)(A).

Plaintiff disagreed that the WEP applied to his Spanish benefits, and filed a motion for reconsideration. Following denial of that motion, plaintiff requested a hearing before an Administrative Law Judge. This hearing was held on October 19, 2005. The ALJ found that the WEP was properly applied to reduce the amount of plaintiff's retirement income benefits. The Appeals Council denied review, and plaintiff appealed to the federal district court. The court granted the Commissioner's motion to remand in order to submit English translations of pertinent documents. Nevertheless, the Appeals Council ultimately affirmed the ALJ's unfavorable decision.

Plaintiff then filed an appeal this court. I remanded the case to the Commissioner for further proceedings to

> develop the record regarding the particulars of SOVI [Seguro Obligatorio de Vejez e Invalidez, the Spanish pension program under which plaintiff has received benefits],[[3]] including but not limited to, whether benefits thereunder are based on earnings, and to determine whether the express

[3] "'[SOVI] grants fixed-amount, lifetime, non-expiring old age, disability and widowhood pensions to people who meet the requirements and do not have a right to a pension in the current Social Security System[.]' To be entitled to such benefits, an individual must be at least 65 years old and have made 1,800 days of contribution payments into the program prior to January 1, 1967. Benefits are paid monthly in a fixed amount." (Tr. 254 (citation omitted).)

> language of the statute and its implementing regulations can be squared with the relevant POMS's [sic] guidelines.

(Tr. 257.) Pursuant to this mandate, the Appeals Council vacated the prior decision and remanded the case. A second hearing was held on December 1, 2010. The ALJ concluded that plaintiff's SOVI benefits were subject to the WEP, but because the recording of that hearing could not be located, the Appeals Council vacated that decision and remanded for yet another hearing. This most recent hearing was held on July 9, 2012, and the ALJ concluded again that plaintiff's Spanish pension benefits were subject to reduction under the WEP. This appeal followed.

## II. STANDARD OF REVIEW

Under the Social Security Act, an individual who is at least 62 years old and is otherwise "fully insured" as defined by the Act[4] is entitled to receive monthly retirement insurance benefits. ***See*** 42 U.S.C. § 402. The amount of this payment is called the primary insurance amount ("PIA"). ***See id.*** § 415(a)(1). The PIA is calculated and may be adjusted based on a number of different considerations and circumstances, one of which is whether the claimant receives, in addition to retirement income benefits under the Act, other monthly periodic payments based on "non-covered" employment, that is, wages exempt from Social Security taxes. ***Stroup v. Barnhart***, 327 F.3d 1258, 1259-60 (11th Cir.), ***cert. denied***, 124 S.Ct. 935 (2003); ***Das v. Department of Health & Human Services***, 17 F.3d 1250, 1253 (9th Cir. 1994). In that scenario, the WEP is invoked to recompute the PIA. 42 U.S.C. § 415(a)(7)(A) & (B).

---

[4] An individual is fully insured for purposes of the Act if he has the minimum number of quarters of coverage required by the Act. ***See*** 42 U.S.C. § 414(a).

The WEP was enacted in 1983 to prevent individuals who earned wages from both covered and non-covered employment from receiving an unwarranted windfall. ***See Fernandez v. Barnhart***, 2006 WL 2660619 at *1 (5th Cir. Sept. 15, 2006); ***Stroup***, 327 F.3d at 1259-60; ***Das***, 17 F.3d at 1253. Pursuant to the WEP, the PIA will be recomputed when the claimant is entitled to "a monthly periodic payment . . . which is based in whole or in part upon his or her earnings for service which did not constitute 'employment' as defined in section 410 of this title for purposes of this subchapter." 42 U.S.C. § 415(a)(7)(A). The regulations implementing the WEP provide further:

> Noncovered employment includes employment outside the United States which is not covered under the United States Social Security system. Pensions from noncovered employment outside the United States include both pensions from social insurance systems that base benefits on earnings but not on residence or citizenship, and those from private employers.

20 C.F.R. § 404.213(a)(3).

Review of the Commissioner's decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***See Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371,

1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. LEGAL ANALYSIS

In both this and his prior appeal of the administrative decision, plaintiff argues that the ALJ erred in concluding that the WEP applied to his Spanish pension benefits because his receipt of those benefits is based on his Spanish citizenship, not on his earnings.[5] I remanded to the Commissioner to clarify whether plaintiff's non-covered benefits were based on earnings and to determine whether the Commissioner's interpretation of the apposite statute and regulations in the POMS guidelines was supportable. Because the ALJ was unwilling or unable to address either of these issues, I reverse. However, because I find that the governing statute and regulations cannot be read to allow application of the WEP when receipt of non-covered pension benefits are based on a claimant's status as a citizen of a foreign country, I direct that plaintiff be awarded benefits calculated without application of the WEP.

As I noted in my previous opinion, the WEP applies to non-covered benefits that are "based in whole or in part upon . . . *earnings for service*." 42 U.S.C. § 415(a)(7)(A) (emphasis added). ***See also*** 20 C.F.R. § 404.213(a)(3) (noting that the WEP applies to "pensions from social insurance systems that base benefits on earnings but not on

[5] In this appeal, plaintiff argues further that it would be unconstitutional to apply the WEP retroactively to benefits he earned as a Spanish national outside the jurisdiction of the United States. This argument misunderstands the nature of the WEP, which applies to reduce Social Security benefits earned while working in this country based on the receipt of other, specified types of benefits. As the ALJ aptly noted, "[i]t is exactly because claimant's Spanish pension was not subject to Social Security withholding that it is to be considered in determining the amount of this SSA pension benefit." (Tr. 273.)

residence or citizenship"). Under the now-defunct SOVI, a worker was entitled to benefits if he had made at least 1,800 days of "contribution payments" into the program prior to January 1, 1967. Because "[n]othing in the record suggest[ed] that SOVI benefits are based in any way on plaintiff's earnings," I remanded with directions for the ALJ to consider that question and further develop the record. (Tr. 255.)

That directive was largely ignored. Instead, it appears the ALJ relied principally on plaintiff's own, uncorroborated statement that his SOVI benefits were based on the number of hours he worked, not on his earnings (***see*** Tr. 90, 325, 344-345, 226), and on the description of the SOVI as being a "Worker Retirement Scheme"[6] (Tr. 226; ***see also*** Seguridad Social, ***Procedures and Formalities***, ***Compulsory Elderly and Disability Insurance, Procedure*** (available at (http://www.seg-social.es/Internet_6/Masinformacion/TramitesyGestiones/SeguroObligatoriode45964/index.htm?ssUserText=103257#45966_6 (last accessed October 17, 2013)). This was hardly the in-depth inquiry that this court mandated on remand.[7]

---

[6] This finding itself appears to have been error, as the old age benefits available under the SOVI are described by the Seguridad Social as available when the applicant has "made 1,800 days of contribution payments prior to 01/01/1967 *or* [has] been affiliated with the Worker Retirement Scheme." Seguridad Social, ***Compulsory Elderly and Disability Insurance, General Information, Requirements*** (emphasis added) (available at http://www.seg-social.es/Internet_6/Masinformacion / TramitesyGestiones/SeguroObligatoriode45964/index.htm?ssUserText=103257#45966_6) (last accessed October 17, 2013).

[7] Instead, the court's mandate on remand clearly required the ALJ, as a first step, to determine the nature of "contribution days," more particularly, whether this concept relies in any manner on the worker's earnings. Although this was an issue which the ALJ should have addressed in the first instance, my own, admittedly limited, research into the matter provides no clear answer. The website for the Spanish social security program, Seguridad Social, defines "contribution days" as "[d]ays corresponding to two compulsory extra payments, which are counted as effective days of contribution to complete the minimum contribution period required to access the entitlement to different benefits, with the exception of retirement." ***Id.***, ***Glossary*** (available at http://www.seg-social.es/Internet_6/Glosario/index. htm?ssUser Text=C#11956_6) (last accessed October 17, 2013). Deconstruction of the definition down to its component parts proves no more illuminating.

Moreover, to the extent any of the evidence on which the ALJ relied was competent, plaintiff's status as a "worker" *vel non* merely begs the ultimate question the court directed the ALJ to consider. Indeed, the ALJ utterly failed to undertake any substantive examination of the court's additional mandate to determine whether the POMS, in equating earnings with work, was incongruent with the governing statute and regulations. Thus, the ALJ's purported finding that "[t]he Social Security Act and applicable regulations do not require a foreign pension to be based on foreign earnings in order to be considered under the [WEP]" (Tr. 227), was nothing more than a mere conclusion, unsupported by substantial evidence.

As set forth in the statute, the PIA must be recomputed if the claimant is entitled to a non-covered benefit "based in whole or in part upon his or her earnings for service." 42 U.S.C. § 415(a)(7)(A). As I noted in my previous opinion, the Commissioner's decision to equate "earnings" with "work" is not clearly justified. Not all "work" one might undertake professionally is necessarily remunerative. Nothing in the ALJ's opinion demonstrates that the equivalence of the two concepts in the POMS is appropriate. I

---

"Contribution" is defined as

> [a] contributory obligation imposed upon employers and workers to sustain the economic Social Security burdens. A financial activity by virtue of which the liable individuals make financial contributions to the Social Security System. . . . Its basic elements are the contribution base, contribution rate and the payment.

The "contribution basis" is "the amounts to which the contribution rates are applied to obtain the Social Security contributions that individuals deposit in the System, and which constitute their main economic resource." ***Id.*** (available at http://www.seg-social.es/Internet_6/Glosario/index.htm?ssUserText=C#11956_6) (last accessed October 17, 2013). The "contribution rate" is "[t]he percentage applied to the contribution base in order to calculate Social Security contributions, which is set annually by law. " ***Id.*** Given this absence of clarity from the readily available documentary sources, the ALJ should have at least consulted an actual expert to assist in resolving the matter more definitively.

conclude that it is not, and therefore that the POMS's interpretation of the statute is arbitrary and capricious to the extent it equates "earnings" with "work." ***Neikirk v. Massanari***, 2001 WL 776812 at * 2 (10th Cir. July 11, 2001). Unless the claimant is receiving non-covered benefits based in whole or in part on his earnings – that is, money paid for services rendered – the WEP cannot be applied. Thus the ALJ's determination that plaintiff's SOVI benefits are granted because of his status as a "worker," as ill-supported factually as it is, ultimately is meaningless in any event.

Were these the only shortcomings of the Commissioner's determination, I would feel constrained to remand yet again for further fact finding. Yet I perceive an even more fundamental issue that I find determinative of plaintiff's claim. The governing regulation provides that foreign pensions subject to the WEP "include both pensions from social insurance systems that base benefits on earnings *but not on residence or citizenship*, and those from private employers." 20 C.F.R. § 404.213(a)(3) (emphasis added).[8] Thus, the regulation expressly excludes from the WEP any pension from a social insurance system – such as the SOVI – that is based on residence or citizenship, regardless of whether it is also based on earnings.[9]

The Commissioner here already has accepted plaintiff's position that his SOVI benefits are based on his status as a citizen of Spain. (***See*** Tr. 226 ("The claimant

---

[8] The Commissioner's interpretation of the statutes he administers, as expressed in the regulations he adopts to govern that administration, must be afforded deference. ***See Stroup v. Barnhart***, 327 F.3d 1258, 1260 (11th Cir.), ***cert. denied***, 124 S.Ct. 935 (2003).

[9] This same limitation would not apply to pensions from private employers, however. Under the principle of statutory construction known as the rule of the last antecedent, "qualifying words, phrases and clauses are ordinarily confined to the last antecedent, or to words and phrases immediately preceding." ***Alvarado v. J.C. Penney Co.***, 735 F.Supp. 371, 372-73 (D. Kan. 1990) (citation and internal quotation marks omitted).

receives a monthly pension based on his work as a Spanish Citizen in Spain.").) This determination is law of the case and thus binding on the Commissioner. ***See Nelson v. Astrue***, 2009 WL 2338113 at *3-4 (D. Colo. July 27, 2009). Having thus conceded this determinative fact, the Commissioner may not now apply the WEP to plaintiff's claim for benefits that he receives by virtue of his Spanish citizenship.

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge regarding plaintiff's benefits determination is **REVERSED**; and

2. That the Commissioner is **DIRECTED** to compute plaintiff's PIA, both past and future, without applying the Windfall Elimination Provision to account for the benefits he receives under the SOVI.

Dated October 18, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge